UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONY LAMAR CARD,

                Plaintiff,

v.

CHERIE CHRISTINE OWENS,

                Defendant.

CASE NO. 3:24-cv-05839-DGE

REPORT AND RECOMMENDATION

Noting Date: December 4, 2024

        The District Court has referred Plaintiff Tony Lamar Card's pending Application to Proceed *In Forma Pauperis* ("IFP") and Proposed Complaint to United States Magistrate Judge Grady J. Leupold pursuant to Amended General Order 11-22.

        On October 1, 2024, Plaintiff filed a Proposed Complaint and an Application to Proceed IFP, that is, without paying the filing fee for a civil case. *See* Dkts. 1, 1-1. The IFP Application was referred to the undersigned on October 2, 2024. *See* Dkt. 3. On October 7, 2024, the Court screened Plaintiff's Proposed Complaint and found it was deficient because, pursuant to Federal Rule of Civil Procedure 8, Plaintiff failed to state a claim upon which relief may be granted. *See* Dkt. 4. In that Order, the Court gave Plaintiff leave to file an amended complaint to cure the

REPORT AND RECOMMENDATION - 1

deficiencies by November 7, 2024, and re-noted the pending IFP Application. *Id*. The Court warned that failure to file a proposed amended complaint would result in the Court recommending the dismissal of this matter without prejudice. *Id*.

Prior to the due date for filing an amended complaint, Plaintiff filed three documents with the Court outlining his grievances against several federal and state officials and including potential accusations of "treason" on the part of these officials. *See* Dkts. 5–7. Two of these documents, docketed as "Affidavit of Truth," and "Notice to the Court," include a recitation of facts in numbered paragraphs which he asserts are in compliance with Federal Rule of Civil Procedure 10 and relate to Plaintiff's allegations of unlawful arrest and kidnapping. *See* Dkt. 5 at 2–4; Dkt. 7 at 8–10.

Not one of the three tendered documents can be construed as an amended complaint, as none contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). *See also* Dkts. 5–7. Further, in addition to finding these documents lack the form and substance of a complaint, the Court also notes they do not describe, or show cause, why the Proposed Complaint (Dkt. 1-1) should not be dismissed, as none provide sufficient facts to support a claim for relief or a cognizable legal theory. *See* Dkts. 5–7; *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) ("Dismissal [of a complaint] can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").

The date for filing an amended complaint has now passed and Plaintiff has failed to comply with the Court's October 7, 2024, Order (Dkt. 4). He has not filed a proposed amended complaint correcting the deficiencies contained within the Proposed Complaint or otherwise responded to the Court's Order. As Plaintiff has failed to respond to the Court's Order and

prosecute this case, the Court recommends this case be **DISMISSED without prejudice** and the IFP Application (Dkt. 1) be **DENIED as moot**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on December 4, 2024, as noted in the caption.

Dated this 19th day of November, 2024.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3